## Portland *vs* Rowan's Executors.

### ERROR TO THE JEFFERSON CIRCUIT.

*Appeal bonds. Construction of statutes.*

CHIEF JUSTICE MARSHALL delivered the opinion of the Court.

THIS action of covenant was brought by the town of Portland, upon the appeal bond executed by Rowan's executors, upon their appeal from the decree of the Louisville Chancery Court, declaring and establishing the right of the town of Portland in and to certain wharfs and slips of ground between Water and Front streets and the river, in front of said town, and directing said executors to surrender the same to the trustees of Portland, for public use. The decree was affirmed by this Court upon their appeal, and reversed upon

COVENANT.

*Case* 32.

*January* 5.

Case stated.

PORTLAND
*vs*
ROWAN'S EX'RS.

cross errors assigned by the town of Portland, as reported in (8 *B. Monroe*, 232.) The appellants remained in possession of the said wharfs and slips and in the receipt of the profits and issues thereof, until after the mandate of affirmance was entered in the Louisville Chancery Court. The sole object of this suit is to recover these issues and profits, amounting, as is alleged, to $5,000, and the non-payment of them is the only breach assigned.

A demurrer to the declaration was sustained, and judgment rendered against the plaintiff. The only question presented for the consideration of this Court is, whether the appeal bond, either by its terms or by construction or operation of law, imposes the duty for a breach of which the action is brought.

The penalty of the bond is three hundred dollars, and the condition, after the necessary recitals, is in these words: "Now if the said executors of Rowan, (and Arnold,) duly prosecute said appeal, then this obligation to be void, otherwise to remain in full force and effect." It is manifest that the bond was not intended nor understood as covering the demand now set up, and that the penalty was not prescribed with any such view. And it is clear that the instrument cannot, by any possible construction of its own terms, without extraneous aid, or force, be construed to embrace the duty referred to.

It is contended, however, that by force of a statute of 1840, (3 *Stat. Law*, 124,) the bond includes the damages sustained by withholding the possession and the profits during the pendency of the appeal from the decree which was affirmed. That statute enacts, "that in actions of detinue and suits in chancery, where slaves or other property may be recovered, and the judgment or decree shall be delayed by appeal, &c., on the part of the person in possession of the slaves or other property, and the judgment or decree shall be affirmed, &c., so that the slaves or other property shall be recovered, &c., the person or persons in possession, shall be liable to the reasonable hire of the property from the rendition of the first judgment or decree, until the delivery

of the property under the final judgment or decree, as well as the reasonable hire before that time, which may be recovered by an appropriate action of assumpsit, or by a suit upon the appeal bond, *supersedeas* or injunction bond, and hereafter such bond shall be held to include such damages."

The question upon this statute is, whether by fair construction, it extends to the rent or profits of land or real estate, withheld during the pendency of an appeal, &c. The word "property," is admitted to be *nomen generalissimum*, sufficiently comprehensive in its ordinary as well as legal signification, to embrace realty as well as personalty. Whether it was so intended or not, is to be determined in this as in other cases by the context and general scope and object of the statute, to be collected from all of its terms and provisions. We think there are several considerations arising on the face of the statute, which show that lands were not within the contemplation of the Legislature in passing it, and that it was not intended to give a remedy for the recovery of the rents or profits of land.

1. If land had been in contemplation, being the most valuable species of property and the most important subject to be affected, it may be presumed that it would not only have been named, but named first. 2. Although land is property that may be recovered by suit in chancery, yet it may also be recovered by action at law, and may be withheld from the rightful owner after his first judgment, and during the pendency of an appeal; and as no reason is perceived for securing by the appeal bond, the rents and profits of land recovered by decree, and not securing in the same way the rents and profits of land recovered by judgment, it is to be presumed that if the Legislature had intended thus to secure it in either case, they would have secured it in both cases as they have done with regard to personal property, by naming the action or actions at law in which a recovery may be had. As the statute is worded, if land is referred to at all, it is only land recovered by suit in chancery, and land recovered by judgment at law is excluded. 3. The cases for which the stat-

---

Portland
*vs*
Rowan's Ex'rs.

The statute law of 1840, (3 *Stat. Law*, 124,) in regard to appeal bonds, was not intended to secure to the appellee the rents and profits of lands, the possession of which was withheld.

ute provide, or as described in its first words, are actions of detinue where slaves or other property may be recovered, and suits in chancery where slaves or other property may be recovered. If the two cases had been thus expressed at large in the statute, the conclusion would have been obvious, and almost irresistible that the same subjects were referred to by the words, and "other property," in each case; and that as the recovery of land was certainly not included in the first case, it was certainly not included in the second, but that "other property" in both cases meant other property to which the action of detinue is applicable as a remedy at law, but which may be recovered by suit in chancery. But although each of the two cases is not expressed at large as above supposed, the words used in reference to the action of detinue, are necessarily implied in reference to the suits in chancery embraced in the statute, and therefore the same conclusion follows that the suits in chancery referred to, were those in which there may be a recovery of the same description of property as is recoverable in actions of detinue.

From these considerations, and especially from the naming of slaves and not land, and from the naming of the action of detinue, in which slaves or personal chattles alone may be recovered, and the omission to name any action at law in which land may be recovered, we think the fair construction is, that "other property" following the specific mention of slaves, was intended to include personal chattels alone, which might be recovered either in the action of detinue or in a suit in chancery; and that it was not intended to provide for the case of a recovery of land in a suit in chancery, such recovery in an action at law being certainly unprovided for.

4. This construction arising upon the statutory description of the cases intended to be provided for, is confirmed by the language used in making the provision for the cases, which is, that the party delaying the recovery of the possession, shall be liable to the reasonable *hire of the property*, from the date of the first decree until the *delivery of the property* under the final decree.

If it be conceded that by a liberal or strained construction, the expressions "*hire* of the property," and "*delivery* of the property," might be applied to land, still it is certain that such expressions are not ordinarily used in reference to that species of property. The words "rent" and "delivery of possession," are used in reference to land. "Hire" and "delivery of the property," are properly applicable in ordinary use, to slaves or personal chattels, and *prima facie* indicate those classes of property.

5. Some extraneous considerations confirmatory of the construction which we have adopted, have been referred to in argument, and particularly the care which the Legislature has always extended to the occupant with regard to rents, as well as in other respects. We think it only necessary to say on this subject, that it may be reasonably assumed that if the Legislature had intended in this act to legislate on the subject of rents, and to impose a new liability, there would have been a specific provision on the subject, and probably a discrimination between different cases. And this is an additional reason for not construing the words "and other property," following the specification of "slaves," as embracing land, when the statute no where uses that expression, nor any other which certainly indicates that land was intended to be embraced. It may be true that in many cases, and perhaps in all, there may be as much reason for securing to the real owner the rents and profits of land received or withheld during the pendency of an appeal from his judgment or decree of recovery, as for securing to him the hire of slaves or other moveable property. But the question is whether the statute has so provided. And for the reasons already given, we are of opinion that it has not.

Wherefore, the judgment is affirmed.

*Loughborough* for plaintiffs; *Pirtle* for defendants.